The Honorable John E. Brown State Senator 17900 Ridgeway Drive Siloam Springs, AR 72761-3366
Dear Senator Brown:
You have presented the following questions for my opinion:
 (1) Is it permissible for one of the four members of the Advertising and Promotion Commission who must be owners or managers of businesses in the tourism industry (at least three of whom are owners or managers of hotels, motels, or restaurants) to be employed by a hotel, motel, or restaurant, rather than being the general manager of the hotel, motel, or restaurant?
 (2)(a) Can any governing or contracted body and/or the Advertising and Promotion Commission write off outstanding taxes owed?
 (b) Do any circumstances (such as bankruptcy, death of persons in ownership, or closing of business) create an exception under which taxes owed to the AP Commission could be written off?
 (c) Is there a statute of limitations for the prosecution of entities that have been collecting AP taxes but not passing the collections on to the AP Commission?
 (d) Who has the responsibility to pursue the legal prosecution of entities that collect AP taxes but fail to pass the collected monies on to the AP Commission?
 (3)(a) Is there a set collection procedure that must be followed as a prerequisite to pursuing legal remedies or prosecution against entities that collect AP taxes but fail to pass the collected monies on to the AP Commission?
 (b) Are the tax collection procedures that are set in place by the Bentonville AP Commission satisfactory for the collection process of unpaid taxes and for seeking legal remedies for the non-payment of taxes?
 (c) Is the proposed ordinance from the Bentonville AP Commission within the scope of the authority of the Commission and can it be enforced by the Commission and the City?
 (4)(a) Can a hotel or motel enter into an agreement with a company to use an unspecific number of rooms each month and, pursuant to A.C.A. § 26-75-602(c)(1), not charge the AP tax to the company?
 (b) Does a hotel or motel that wishes to avoid collecting the AP tax from a company with a 30-day agreement under A.C.A. § 26-75-602 have to block off specific rooms for that purpose?
 (c) Can the hotel or motel use those rooms for other customers when they are not in use by the company within the 30-day agreement?
 (d) If the answer to the preceding question is affirmative, does the attached document qualify as an acceptable agreement?
RESPONSE
Question 1 — Is it permissible for one of the four members of theAdvertising and Promotion Commission who must be owners or managers ofbusinesses in the tourism industry (at least three of whom are owners ormanagers of hotels, motels, or restaurants) to be employed by a hotel,motel, or restaurant, rather than being the general manager of thehotel, motel, or restaurant?
It is my opinion that all four of the members to whom your question refers must be owners or managers of businesses in the tourism industry, and three must be owners or managers of hotels, motels, or restaurants. It is not sufficient for one of these members to be employees only in these businesses; all must be owners or managers.
The language of the governing statute is clear and unambiguous. It states:
 (a) Any city levying a tax pursuant to this subchapter shall, by ordinance, create a city advertising and promotion commission, to be composed of seven (7) members, as follows:
 (1) Four (4) members shall be owners or managers of businesses in the tourism industry, and the owner or manager shall reside in the levying city or, if the governing body of the city provides for by ordinance, the owner or manager may reside outside of the city but within the county in which the city is located, at least three (3) of whom shall be owners or managers of hotels, motels, or restaurants, and who shall serve for staggered terms of four (4) years[.]
A.C.A. § 26-75-605(a)(1).
One of the most fundamental rules of statutory interpretation is that if statutory language is unambiguous, it must be interpreted just as it reads, giving the words of the statute their ordinary meanings in common usage. Monday v. Canal Insurance Company, 348 Ark. 435, 73 S.W.3d 594
(2002). The language of the above-quoted statute is unambiguous. Four members of the advertising and promotion commission must be owners or managers of businesses in the tourism industry. This language is sufficiently clear to preclude service on the commission of individuals who are employees only of those businesses, and who are not the owners or managers thereof.
Question 2(a) — Can any governing or contracted body and/or theAdvertising and Promotion Commission write off outstanding taxes owed?
It is my opinion that the advertising and promotion commission is authorized to enter into an agreement to settle outstanding advertising and promotion taxes under certain circumstances, as explained below.
The Advertising and Promotion Commission Act expressly provides that the collection and enforcement of the advertising and promotion tax are to be governed by the procedural requirements of the Arkansas Tax Procedure Act, A.C.A. § 26-18-101 et seq., except that all actions are to be by and in the name of the commission. The pertinent provision is A.C.A. §26-75-603(b), which states:
 (b) The person paying the tax shall report and remit it upon forms provided by the commission, and as directed by the commission. The rules, regulations, forms of notice, assessment procedures, and the enforcement and collection of the tax under the Arkansas Gross Receipts Act of 1941, § 26-52-101 et seq. and the Arkansas Tax Procedure Act, § 26-18-101, et seq., shall, so far as practicable, be applicable with respect to the practicable, be applicable with respect to the enforcement and collection of the tax levied pursuant to the authority of this subchapter. However, the administration and enforcement, and all actions, shall be by, and in the name of, the commission through the proper commission officials or agents. The commission shall have the authority to sue and be sued in its name. The Department of Finance and Administration shall have no authority to enforce or collect the tax levied pursuant to this subchapter.
A.C.A. § 26-75-603(b).
Thus, in order to determine what is permissible in connection with the collection and enforcement of the advertising and promotion tax, it is necessary to consult the Arkansas Tax Procedure Act. That act provides for the settlement and compromise of tax controversies, as follows:
 (a) The director may enter into an agreement to compound, settle, or compromise any controversy relating to a state tax or any admitted or established tax liability as to any tax collectible under any state law when:
(1) The controversy is over the amount of tax due; or
(2) The inability to pay results from the insolvency of the taxpayer.
 (b) The director may waive or remit the interest or penalty, or any portion thereof, ordinarily accruing because of a taxpayer's failure to pay a state tax within the statutory period allowed for its payment:
 (1) If the taxpayer's failure to pay the tax is satisfactorily explained to the director; or
 (2) If the failure results from a mistake by the taxpayer of either the law or the facts subjecting him to such tax; or
 (3) If the inability to pay the interest or penalty results from the insolvency or bankruptcy of the taxpayer.
 (c) In settling or compromising any controversy relating to the liability of a person for any state tax for any taxable period, the director is authorized to enter into a written closing agreement concerning the liability. When the closing agreement is signed by the director, it shall be final and conclusive, and except upon a showing of fraud or misrepresentation of a material fact, no additional assessment or collection shall be made by the director, and the taxpayer shall not institute any judicial proceeding to recover such liabilities as agreed to in the closing agreement.
 (d) The Director of the Department of Finance and Administration shall promulgate rules and regulations establishing guidelines for determining whether a proposed offer in compromise is adequate and is acceptable to resolve a tax dispute.
A.C.A. § 26-18-705.
It is my opinion that the above-quoted grant of settlement and compromise authority to the director of the Department of Finance and Administration can reasonably be interpreted to apply equally as a grant of authority to the advertising and promotion commission to settle or compromise controversies over outstanding advertising and promotion taxes. I base this conclusion on the fact that the Advertising and Promotion Commission Act expressly invokes the procedural provisions of the Arkansas Tax Procedure Act with the exception that all actions are to be by and in the name of the commission. In my view, this express invocation of the Arkansas Tax Procedure Act with the stated exception requires that the provisions of A.C.A. § 26-18-705 be interpreted as a grant of authority to the commission.
Accordingly, I conclude that the advertising and promotion commission does have the authority to "write off" outstanding advertising and promotion taxes under the limited circumstances outlined in A.C.A. §26-18-705.
Question 2(b) — Do any circumstances (such as bankruptcy, death ofpersons in ownership, or closing of business) create an exception underwhich taxes owed to the AP Commission could be written off?
It is my opinion that the circumstances under which the advertising and commission tax can be written off are limited to those outlined in A.C.A. § 26-18-705, as discussed in response to Question 2(a), above. The text of that statute, listing those circumstances, is set forth in full in that response.
Question 2(c) — Is there a statute of limitations for the prosecution ofentities that have been collecting AP taxes but not passing thecollections on to the AP Commission?
The statute of limitation for the assessment of unpaid or unreported advertising and promotion taxes is three years from the date the tax is due. A.C.A. § 26-75-603(c)(2). However, the time period for the enforcement of the commission's claim for outstanding taxes can be prolonged for a period of 10 years. This can be accomplished if the city enacts an ordinance setting forth certain taxpayer remedies and certain enforcement procedures, as described in A.C.A. § 26-75-603(d) and (e). The taxpayer remedies are set forth in Subsection (d). The prolonged enforcement capability is set forth in Subsection (e), as follows:
 (e)(1) If a taxpayer does not timely and properly pursue his remedies seeking relief from a decision of the commission and a final assessment is made against the taxpayer, or if the taxpayer fails to pay the deficiency assessed upon notice and demand, then the commission shall, as soon as practicable thereafter, issue to the circuit clerk of the county in which the taxpayer's business is located a certificate of indebtedness certifying that the person named therein is indebted to the commission for the amount of the tax established by the commission as due.
 (2) The circuit clerk shall enter immediately upon the circuit court judgment docket:
(A) The name of the delinquent taxpayer;
(B) The amount certified as being due;
(C) The name of the tax; and
(D) The date of entry upon the judgment docket.
 (3) The entry of the certificate of indebtedness shall have the same force and effect as the entry of a judgment rendered by the circuit court. This entry shall constitute the commission's lien upon the title of any real and personal property of the taxpayer in the county where the certificate of indebtedness is recorded.
 (4) The certificate of indebtedness authorized by this subsection shall continue in force for ten (10) years from the date of recording and shall automatically expire after the ten-year period has run. Actions on the lien on the certificate of indebtedness shall be commenced within ten (10) years after the date of recording of the certificate, and not afterward.
 (5) The commission shall have all remedies and may take all proceedings for the collection of the tax which may be taken for the recovery of a judgment at law.
A.C.A. § 26-75-603(e).
Thus, if the city has enacted the required ordinance, the commission can prolong its enforcement capability for 10 years by entering a certificate of indebtedness on the circuit court's judgment docket, as described above in the statute.
Question 2(d) — Who has the responsibility to pursue the legalprosecution of entities that collect AP taxes but fail to pass thecollected monies on to the AP Commission?
It is my opinion that the advertising and promotion commission has the responsibility for enforcing any claim for advertising and promotion taxes that are deemed to be due and owing. As indicated previously, the Advertising and Promotion Commission Act expressly states:
 [T]he administration and enforcement, and all actions, shall be by, and in the name of, the commission through the proper commission officials or agents. The commission shall have the authority to sue and be sued in its name.
A.C.A. § 26-75-603(b).
The above-quoted language is unambiguous in placing upon the advertising and promotion commission the responsibility and authority for pursuing any claim for outstanding advertising and promotion taxes.
Question 3(a) — Is there a set collection procedure that must be followedas a prerequisite to pursuing legal remedies or prosecution againstentities that collect AP taxes but fail to pass the collected monies onto the AP Commission?
The Advertising and Promotion Commission Act contains certain procedural requirements. For example, as discussed in response to Question 2(c), above, the city may enact an ordinance specifying certain taxpayer remedies (Subsection (d)) and collection procedures (Subsection (e)). If the city has enacted such an ordinance, the commission must follow those procedures. If the commission does follow these procedures, all remedies and procedures that are applicable to the enforcement of a judgment are available to the commission. In addition, the enforcement and collection procedures that are set forth in the Arkansas Tax Procedure Act are applicable "so far as practicable." A.C.A. § 26-75-603(b). Thus, if a situation should arise for which the Advertising and Commission Act does not prescribe a procedure, the Arkansas Tax Procedure Act must be consulted.
Question 3(b) — Are the tax collection procedures that are set in placeby the Bentonville AP Commission satisfactory for the collectionprocess of unpaid taxes and for seeking legal remedies for the non-paymentof taxes?
Question 3(c) — Is the proposed ordinance from the Bentonville APCommission within the scope of the authority of the Commission and can itbe enforced by the Commission and the City?
I am unauthorized to respond to Questions 3(b) and 3(c). The Attorney General is not in a position to undertake the interpretation of local administrative procedural regulations and ordinances. The interpretation of such regulations and ordinances necessarily involves a determination of the intent of the local commission or city council, a factor that this office is not well situated to consider and address. It also requires a consideration of other factors of which this office is unaware that could reflect a particular intent on the part of the commission or city council that is not apparent from the face of the regulations and ordinances. The awareness of such factors is a matter within the local domain, rather than the domain of this office. An interpretation of the procedural regulation and ordinance that are the subject of your questions therefore must ultimately be handled locally, through the interested parties and their counsel, or through a medium that can consider local factual matters, such as a court.
Question 4(a) — Can a hotel or motel enter into an agreement with acompany to use an unspecific number of rooms each month and, pursuant toA.C.A. § 26-75-602(c)(1), not charge the AP tax to the company?
It is my opinion that a hotel or motel can enter into an agreement that matches the specified exemption from advertising and promotion taxes, as stated in A.C.A. § 26-75-602(c)(1), as follows:
 (c) The tax authorized in this subchapter shall be upon any one (1) or more of the following, as specified in the levying ordinance:
 (1) The gross receipts or gross proceeds from renting, leasing, or otherwise furnishing hotel, motel, or short-term condominium rental accommodations for sleeping, meeting, or party room facilities for profit in such city or town, but such accommodations shall not include the rental or lease of such accommodations for periods of thirty (30) days or more;
A.C.A. § 26-75-602(c)(1) (emphasis added).
If a hotel or motel enters into an agreement renting or leasing any accommodation for sleeping, meeting, or for use as a party facility for a period of 30 days or more, the advertising and promotion tax will not apply to the lease or rental of that accommodation.
Question 4(b) — Does a hotel or motel that wishes to avoid collecting theAP tax from a company with a 30-day agreement under A.C.A. § 26-75-602have to block off specific rooms for that purpose?
I cannot answer this question definitively, because the answer will be impacted by the terms of the particular agreement under consideration. Therefore any such agreement must be reviewed in order to determine whether the 30-day exemption that is stated in A.C.A. § 26-75-602(c)(1) applies. However, it is my opinion that the Advertising and Promotion Commission Act does not require that hotels and motels designate a specific block of rooms in order to fall within the 30-day exemption. This exemption applies to any accommodation (whether part of a block of rooms or not) that is leased or rented for a period of 30 days or more. Although the statute does not define the term "accommodation," as used therein, it is clear, in my opinion, that the statute is referring toany room that is used for sleeping, meeting, or as a party facility, and that has been leased or rented for a period of 30 days or more. The statute does not state any further conditions for the applicability of the exemption, such as a requirement that the proprietor designate a particular room or block of rooms for the purpose in question.
Your question appears to envision a situation in which a hotel or motel has entered into an agreement to make rooms available for 30 days in exchange for a stated price, but does not designate specific rooms for that purpose. Although I cannot opine in the abstract as to whether any agreement would be subject to the exemption, it is my opinion that such an agreement can fall within the exemption set forth in the statute. In my view, the exemption applies to an agreement to make accommodations available for 30 days or more for the purposes of sleeping, meeting, or parties, in exchange for the price of those accommodations, regardless of whether the hotel or motel in question designates certain specific rooms as the subject of the agreement.
Question 4(c) — Can the hotel or motel use those rooms for othercustomers when they are not in use by the company within the 30-dayagreement?
The answer to this question will depend largely on the provisions of any contract entered into by the hotel or motel concerning the accommodations in question. The Advertising and Promotion Commission Act does not address this question, but does not appear to prohibit a hotel or motel from using rooms that are the subject of a 30-day lease or rental agreement for other customers. Such use may, however, be prohibited by the terms of the governing contract. If such use is not prohibited by the contract, the use by the other customers would, of course, be subject to the advertising and promotion tax. I reiterate, however, that this question is one that will require review of any applicable provisions of the contracts in question.
Question 4(d) — If the answer to the preceding question is affirmative,does the attached document qualify as an acceptable agreement?
I am unable to respond to this question. The Attorney General is not authorized to engage in the interpretation or construction of the provisions of contracts entered into by private parties. The intent of the parties, which is a factual matter that I am not in a position to ascertain, may bear upon such an interpretation. This is a matter that must be addressed by private counsel, or by a court.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General